IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00882-MSK

BEN BORROEL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

**OPINION AND ORDER DENYING MOTION FOR ATTORNEY'S FEES**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Attorney's Fees **(# 30)**, and the Defendant's response **(# 33)**.

This case involved a challenge to the decision of the Commissioner of Social Security with regard to the Plaintiff's eligibility for benefits. On September 28, 2007, United States District Judge Edward W. Nottingham entered a judgment **(# 29)** reversing the Commissioner's decision and remanding the matter to the Social Security Administration for further proceedings. On January 30, 2008, the Plaintiff filed the instant motion **(# 30)**, seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On November 4, 2008, as a result of Judge Nottingham's resignation, the case was assigned to the undersigned with the Plaintiff's motion for fees pending.

The EAJA allows a prevailing party in an action against the United States to recover a reasonable attorney's fee. A fee application must be made within 30 days of the entry of final

1

judgment in the case. 28 U.S.C. § 2412(d)(1)(B). However, where a case is remanded to the Social Security Administration for further proceedings, the judgment does not become "final," and the 30-day period in which to file a fee application does not begin running, until the time for appealing the judgment has passed. *Shalala v. Schaefer*, 509 U.S. 292, 297-98 (1993). Although the Defendant does not address the timeliness of the Plaintiff's motion for fees here, compliance with the 30-day time limit is jurisdictional in nature, *Bryan v. Office of Personnel Management*, 165 F.3d 1315, 1321 (10th Cir. 1999), and thus, the Court must consider the issue *sua sponte*.

Judgment in this case entered on September 28, 2007. Pursuant to Fed. R. App. P. 4(a)(1)(B), either party then had 60 days in which to file a Notice of Appeal. The time for filing a notice of appeal thus commenced on September 29, 2007 and expired on the 60th day thereafter, November 27, 2007. Fed. R. Civ. P. 6(a)(1), (3) (time computation begins running on the day after the triggering event, and ends on the last day of the period). The judgment thus became final on November 27, 2007. The Plaintiff's 30-day period for filing a motion for fees began running on the following day, November 28, 2007, and expired 30 days later, on Thursday, December 27, 2007. The Plaintiff's motion, filed on Wednesday, January 2, 2008, was thus untimely by several days.[1] Because compliance with the 30-day period is jurisdictional, the Court cannot consider the merits of the Plaintiff's untimely application.

---

[1] Neither Thursday, December 27; Friday, December 28; nor Monday, December 31 are holidays as defined by Fed. R. Civ. P. 6(a)(4)(B), nor is there any indication that the President, Congress, or the State of Colorado had declared those days to be holidays under Rule 6(a)(4)(B). The Court's records indicate that the electronic filing system was available for filing on each of those days.

Accordingly, the Plaintiff's Motion for Attorney's Fees **(# 30)** is **DENIED** for lack of jurisdiction.

Dated this 4th day of December, 2008

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge